UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| EVERT JEROME THOMPSON, | Civil Action No. 12-1312 (FLW) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

This matter having come before the Court on Petitioner Evert Jerome Thompson's ("Petitioner") motion seeking reconsideration of the Court's decision denying his Petition to Vacate, Set Aside or Correct Sentence ("Petition") pursuant to 28 U.S.C. § 2255.

In Petitioner's motion for reconsideration, he contends that defense counsel failed to object to perceived "double counting," and argues that he should not have been sentenced to a 66-month jail sentence for armed bank robbery, pursuant to 18 U.S.C. §§ 2113(a) & (d), and a separate 84-month sentence for brandishing a firearm, pursuant to 18 U.S.C. § 924(c)(l)(A)(ii). Specifically, Petitioner asserts that his sentence for armed bank robbery was erroneous because "the Court reached its calculation of sentence [by] adding five (5) additional base levels because of the element [of] brandishing."[1] (ECF No. 19, Petitioner's Motion for Reconsideration, at 2.) The government opposes the motion for reconsideration as procedurally barred and substantively meritless. (*See* ECF No. 20, Government's Opposition at 3-7.)

---

[1] In asserting that his base level offense was enhanced 5 levels for brandishing, Petitioner appears to rely on U.S.S.G. § 2B3.1(b)(2). As explained below, Petitioner sentence on Count One was not enhanced pursuant to § 2B3.1(b)(2).

1

A motion for reconsideration must rely on one of three major grounds: (1) an intervening change in controlling law; (2) the availability of new evidence not available previously; or (3) the need to correct a clear error of law or prevent manifest injustice. *See North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d I 194, 1218 (3d Cir. 1995). Here, Petitioner alleges for the first time that his counsel was ineffective for failing to object to a five-level increase to the applicable guideline range based on his brandishing of a weapon. The Petition asserted that defense counsel was ineffective for (1) failing to sufficiently argue a reasonable doubt defense and for (2) failing to argue for the statutory minimum and for various downward departures. (*See* ECF No. 14, March 23 Opinion at 4.) Even if the Court were to set aside the procedural issues, Petitioner's argument is meritless.

At Petitioner's sentencing, the Court calculated Petitioner's base offense level at level 20. (*See* ECF No. 20-1, Exhibit A (Transcript of Proceeding, dated October 21, 2009), at 4-5.) The Court granted a three-level upward adjustment because between $10,000 and $50,000 was taken from a financial institution.[2] *See id.* at 5-6, 8. The Court granted a further two-level upward adjustment based on Petitioner's reckless endangerment during flight.[3] (*See id.* at 8-16.) The Court also denied an additional upward adjustment sought by the government based on Petitioner's role in the offense. (*See id.* at 16-21.) Accordingly, the Court sentenced Petitioner on the armed robbery conviction at a total offense level of 25, criminal history category I, which provided an advisory guideline range of 57 to 71 months' incarceration. (*See id.* at 21, 24.) The Court sentenced Petitioner to 66 months on Count One. On Count Two, the Court sentenced Petitioner to the mandatory minimum sentence of 84 months, to be served consecutively with the

---

[2] *See* U.S.S.G. § 2B3.1(b)(1), (b)(7).
[3] *See* U.S.S.G. § 3C1.2(b).

term on Count One, resulting in a total sentence of 150 months.[4]  (*See id.* at 36.)  Because the Court did not calculate Petitioner's sentence for Count One by "adding five (5) additional base levels [for] the element [of] brandishing," no "double counting" occurred, and there is no substantive basis for the relief sought in Petitioner's motion for reconsideration.

      For the reasons explained in this Memorandum Opinion, the Court denies the motion for reconsideration.  An appropriate Order follows.


                                              *s/Freda L. Wolfson*
                                              Freda L. Wolfson, U.S.D.J.

---

[4] *See* 18 U.S.C. § 924(c)(1)(A)(ii).